No. 57,014

STATE OF KANSAS, *Petitioner,* v. KEVIN J. SULLIVAN, *Respondent.*

(689 P.2d 910)

Opinion filed October 26, 1984.

*E. Roger Horsky,* of Leavenworth, appeared for respondent.

*Roger N. Walter,* disciplinary counsel, appeared for petitioner.

*Per Curiam:* This is a disciplinary action filed before the Board for Discipline of Attorneys by Arno Windscheffel, disciplinary administrator, against Kevin J. Sullivan, an attorney admitted to practice law in the State of Kansas.

The formal complaint filed by the disciplinary administrator charged that the respondent, as conservator of the estate of Maltbie Wood, converted funds of his ward to his own personal use. Respondent did not contest the charges and admitted he had "borrowed" approximately $1,263.00 from the funds of the conservatorship during the period from April 2, 1982, through August 24, 1983. The misappropriation of such funds constituted a violation of DR 9-102 (232 Kan. cxci) of the Code of Professional Responsibility. All sums used by the respondent for his private benefit have now been repaid to a successor conservator appointed by the district court.

The disciplinary panel, after finding that respondent violated DR 9-102, recommended that he be disciplined by public censure. The court, having carefully considered the record in this case, declines to follow the recommended discipline. Supreme Court Rule 212(f) (232 Kan. clxviii).

The disciplinary panel, in making its recommendation of public censure, relied upon this court's decision in *State v. Scott,* 230 Kan. 564, 639 P.2d 1131 (1982), wherein a majority of this court was of the opinion that public censure was sufficient discipline in a case involving the misuse of a client's funds. The

misappropriation and conversion of a client's funds or property is one of the most serious breaches of the Code of Professional Responsibility. Such a violation may never be condoned and only the most unusual circumstances will justify less than maximum sanctions. *Scott* involved an unusual factual situation and a number of mitigating circumstances not present in the instant case and we do not view the decision in that case as being precedent for subsequent cases based upon different facts.

After giving full consideration to respondent's circumstances and the facts surrounding the violation herein, a minority of the court would accept the panel's recommendation of public censure. However, a majority is divided on the issue of whether respondent should be disciplined by indefinite suspension or disbarment.

IT IS THEREFORE BY THE COURT ORDERED that Kevin J. Sullivan be and he is hereby indefinitely suspended from the practice of law in the State of Kansas and the costs of this action are assessed to the respondent.

BY ORDER OF THE COURT THIS 26th day of October, 1984.

HERD, J., dissents.